UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Antonio Martinelle Randolph, #19394-058, | ) ) ) | Civil Action No. 9:11-3327-MGL |
| Plaintiff, | ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| L. Fuertez-Rosario, HSA-MLP; John J. LaManna, Warden; and G. Link, Physicians Assistant; | ) ) ) ) | |
| Defendant. | ) | |

Plaintiff, a federal prisoner proceeding *pro se*, brought this action pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) alleging violations of his constitutional rights by the prison employees named in the complaint. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On April 16, 2012, Defendants filed a motion to dismiss, or in the alternative, for summary judgment. (ECF No. 17.) Since Plaintiff is *pro se* in this matter, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on April 23, 2012, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. ( ECF No. 18.) Plaintiff requested and received an extension of time in which to file a response to Defendants' motion. Plaintiff filed his opposition on June 26, 2012. (ECF No. 26.)

On August 27, 2012, Magistrate Judge Marchant issued a Report recommending that Defendants' motion for summary judgment be granted. (ECF No. 32.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and

Recommendation and the serious consequences if he failed to do so. Objections were due by September 13, 2012. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the motion and response, the record, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts and incorporates the Report and Recommendation (ECF No. 32) by reference into this order. It is therefore ORDERED that the Defendants' motion for summary judgment is GRANTED and this case dismissed.

    IT IS SO ORDERED.

                                          s/Mary G. Lewis
                                          United States District Judge

Spartanburg, South Carolina
October 31, 2012